IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PNCEF, LLC d/b/a PNC EQUIPMENT
FINANCE f/k/a NATIONAL CITY
COMMERCIAL CAPITAL COMPANY, LLC,

                      Plaintiff,

   v.

DIVINITY GROUP, LLC d/b/a DESIGN
SERVICE SOLUTIONS and BRADLEY
GOODRICH, individually,

                      Defendants.

OPINION AND ORDER

10-cv-108-wmc

---

In this civil diversity action, plaintiff PNCEF, LLC alleges that defendant Divinity Group, LLC and its sole member and guarantor, Bradley Goodrich, failed to make payments due under the terms of agreements for lease of a hydraulic press brake and a hydraulic shear. PNCEF seeks monetary damages, as well as return of the brake and shear. Before the court is defendant Goodrich's motion under Federal Rule of Civil Procedure 12(b)(7) to dismiss the complaint on the ground that plaintiff failed to join a necessary party under Federal Rule of Civil Procedure 19. (Dkt. #13.) According to Goodrich, Eastside Fabrication and Engineering, LLC and Eastside's principal Edward Anderson must be joined in this action because they are in possession of the hydraulic press brake and hydraulic shear that plaintiff seeks to repossess.

While the motion to dismiss was pending, PNCEF filed an unopposed motion for leave to amend its complaint, adding Eastside as a defendant (dkt. #29), which the court granted (dkt. #36). The amended complaint renders defendant's motion to dismiss

moot as to Eastside. As for Anderson, the court will deny the motion to dismiss because complete relief can be accorded to the parties even if Anderson is not joined in this lawsuit.

## FACTS[1]

Plaintiff PNCEF, LLC is an Indiana limited liability company with its principal place of business at 995 Dalton Avenue, Cincinnati, Ohio. PNCEF's sole member is PNC Bank, N.A, a national banking association. PNC Bank's main offices are located at 249 Fifth Avenue, Pittsburgh, Pennsylvania.

Defendant Divinity Group, LLC is a Wisconsin limited liability company with its principal place of business at 220 Saint Lawrence Drive, Janesville, Wisconsin. Defendant Bradley Goodrich is the sole member of Divinity Group, LLC. Goodrich is a citizen of the state of Wisconsin residing in Edgerton, Wisconsin.

On or about January 23, 2007, defendant Divinity Group entered into a lease agreement with PNC's predecessor, National City Commercial Capital, LLC. Pursuant to the terms of the agreement, National City purchased a hydraulic press brake and then leased it to Divinity Group, who agreed to pay $1,850 a month in lease payments for a term of 84 months. Goodrich signed the lease as personal guarantor. On or about April 16, 2007, Divinity Group/Goodrich and National City entered into a second lease,

---

[1] For the sole purpose of deciding this motion, I draw the following facts from the allegations of the complaint and the affidavits submitted in support of and in opposition to the instant motion.

similar to the first, for a hydraulic shear. The press brake and hydraulic shear were delivered to and accepted by Divinity Group on or about March 6, 2007, and April 16, 2007, respectively.

In February of 2008, Divinity Group entered into an installment sales agreement with Eastside Fabrication and Engineering, LLC, by which Eastside agreed to purchase Divinity Group's assets, including its lease agreements for the hydraulic press and brake. Specifically, Eastside agreed that it "may assume" Divinity Group's obligations under its leases with National City and release defendants Divinity Group and Goodrich accordingly. After the agreement was executed, Eastside moved the hydraulic brake and shear to its Milton, Wisconsin location and began using it regularly in its manufacturing business.

Between March and September, Divinity Group continued to make lease payments to plaintiff for the equipment out of funds that it received from Eastside. By October of 2008, however, Eastside began making the lease payments directly to plaintiff PNCEF.

In November 2008, Divinity Group and Eastside superseded their installment sales agreement with an Equipment Lease Agreement and Option to Purchase, which purported to include the equipment that Divinity Group had leased from PNCEF. Unlike the installment sales agreement, however, the equipment agreement contains no provision requiring Eastside to assume any obligations incurred by defendants Divinity Group or Goodrich with respect to the underlying lease agreements with PNCEF. As a result, defendants Divinity Group and Goodrich were never formally released from their

3

obligations under the lease agreements with plaintiff and, in October of 2009, PNCEF informed defendant Divinity Group that it was in default. PNCEF filed the instant lawsuit against Divinity Group and Goodrich on March 4, 2010, seeking damages for breach of contract. In addition, PNCEF brings a claim for replevin, demanding the return of the press brake and hydraulic shear.

OPINION

Defendant Goodrich has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Federal Rule of Civil Procedure 19. Rule 19(a) sets out two situations in which joinder of a party is compulsory:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may i) as a practical matter impair or impede the person's ability to protect the interest; or ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Wisely, Goodrich does not contend that Anderson is an indispensable party by virtue of PNCEF's contract with Divinity Group to assume the obligations under the lease between defendants and plaintiff. *See Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) ("when a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action by another contract that is not at

4

issue, the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract") (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure Civil* § 1613 at 197 (3d ed. 2001)). As defendant Goodrich acknowledges, Eastside and Anderson are neither parties to the agreement between PNCEF and Divinity Group/Goodrich, nor do they stand in privity with Divinity Group and Goodrich. Divinity Group and Goodrich may have grounds to bring a third-party complaint against Eastside and Anderson, but that does not mean that Anderson is a party who must be joined in *plaintiff's* suit.

Instead, Goodrich focuses its sights on the replevin action, contending that Anderson is a necessary party because Eastside and Anderson are in possession of the equipment that PNCEF wants returned. According to Goodrich, joinder is necessary to provide complete relief to the parties, insofar as Eastside and Anderson may claim that they are the rightful owners of the disputed equipment. However, any such claim is beside the point for purposes of Goodrich's Rule 19(a) motion: the term "complete relief" as used in Rule 19(a) refers only to "relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (citation omitted).

Replevin is "[a]n action whereby the owner or person entitled to repossession of goods or chattels may recover those goods or chattels from one who . . . wrongfully detains [them]." *Black's Law Dictionary* 1299 (6th ed. 1990). If PNCEF establishes that it is entitled to possession of the hydraulic brake and shear, then it will be awarded a judgment to that effect; if, on the other hand, it is found to have no possessory interest in

the equipment or to be equitably estopped from asserting that interest, then its claim for replevin will be dismissed. In either event, the court will be able to grant complete relief as between PNCEF and Divinity Group/Goodrich without the joinder of Anderson.

By focusing only on Eastside and Anderson's possession of the equipment, Goodrich would have this court ignore the wider range of equitable relief available to PNCEF in this replevin action. Contrary to Goodrich's suggestion, return of the disputed property to its rightful owner is not the only relief that can be awarded. In addition to the declaratory judgment resolving possessory rights as between the parties previously discussed, plaintiff PNCEF may be entitled to the proceeds the defendant obtained from the sale or transfer of property that the plaintiff seeks to replevy. *Okoro v. Callaghan*, 324 F.3d 488, 490-91 (7th Cir. 2003) (citing 1 Dan B. Dobbs, *Law of Remedies* § 5.18(1) at 923 (2d ed. 1993)); *see also* Ohio Stat. § 2737.14 (providing that if delivery of property sought in replevin action cannot be made, action may proceed as claim for conversion upon due notice to respondent).

As the Seventh Circuit explained in *Okoro*, "generally the law does not distinguish between a claim to the ownership of a thing and a claim to the proceeds if the thing is sold or otherwise transferred, transmuted, or substituted for." 324 F.3d at 490-91 (citations omitted). In other words, a judgment in plaintiff's favor need not necessarily result in an order directing the sheriff to seize the property from Eastside and Anderson. If defendants are found to have wrongfully transferred the property to Eastside and Anderson, then it will be up to defendants to attempt to get the property back or pay restitution. The fact that Eastside and Anderson may seek relief from the courts from

6

any attempt at self-help by defendants does not make them indispensable to the present action.

In the alternative, Goodrich argues that it will be necessary to assess the fair market value of the press and shear in order to determine any damages due plaintiff for its breach of contract claims. This argument is even less persuasive. If necessary, Goodrich could seek third-party discovery from Eastside and Anderson regarding the fair market value of the equipment, or as just discussed, could take its own action against Eastside and Anderson to repossess the equipment.

Finally, Goodrich asserts that, upon "information and belief, the business operations of Eastside Fabrication would be seriously impacted should the equipment be repossessed." As already discussed, however, Goodrich's focus on repossession is too narrow. Further, when examining whether an absent party has an interest relating to the subject of the action that may be impaired by a judgment or that might expose existing parties to the risk of incurring inconsistent obligations under the second prong of Rule 19(a), "it is the absent party that typically must claim such an interest." *Davis Cos.*, 268 F.3d at 484. Anderson has not asserted any interested in this lawsuit or asked to be joined. Accordingly, joinder is not warranted under Rule 19(a)(1)(B).

Admittedly, it might be more convenient for defendants to litigate all issues in a single lawsuit rather than in separate forums, but convenience to a defendant is not a ground for compulsory joinder on plaintiff. Even if it were, Goodrich's current motion suffers from a separate fatal flaw: Eastside, not Anderson, took possession of the equipment under the terms of the Equipment Lease Agreement and Eastside is now a

7

party in suit. Whatever efficiencies may exist in Eastside's participation, Goodrich has wholly failed to show that PNCEF has failed to join *Anderson*. Accordingly, its motion to dismiss under Rule 12(b)(7) will be denied.

ORDER

IT IS ORDERED that:

1) defendant Bradley Goodrich's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(7) (dkt. #13) is DENIED AS MOOT as to Eastside Fabrication and Engineering, LLC;

2) defendant Bradley Goodrich's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(7) (dkt. #13) is DENIED as to Edward Anderson.

Entered this 9th day of November, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge